46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas BROWN, Jr., Defendant-Appellant.
 No. 93-5156.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 5, 1993.
Decided: Jan. 18, 1995.
 
 Donald N. Patten, Waynesville, NC; Stephen P. Lindsay, LINDSAY & TRUE, Asheville, NC, for Appellant. Jerry W. Miller, United States Attorney, Asheville, NC, for Appellee.
 Before WILKINSON and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Brown, Jr., entered a guilty plea to one count of kidnapping, 18 U.S.C.A. Sec. 1201(A)(1) (West 1984 & Supp.1993). Four other counts were dismissed pursuant to his plea agreement. He appeals his sentence of 405 months on various grounds. We affirm.
 
 
 2
 On April 4, 1989, Brown forced Donna Drury's car off the road as she was driving home from work in Asheville, North Carolina. He asked directions, then overpowered her, placed her in the trunk of her car and drove off. Over the next ten hours, he repeatedly raped her in various locations, required her to perform oral sex on him and did so on her. He also used her bank card to withdraw money from her bank account. At a motel in South Carolina, she escaped after untying herself and grabbing her car keys while he was asleep. Brown was identified as the rapist from fingerprints in Drury's car. His prints were already on file with the Asheville police because he had been charged with kidnapping and first degree sexual offense in 1988, but failed to appear. He was arrested in 1991 in Chicago.
 
 
 3
 At Brown's sentencing hearing, two other Asheville women testified about their encounters with Brown. In April 1988, Karen Marie Saintsing had been lured from a hotel nightclub by Brown, who then threw her in his car. She got out while he tried to start the car, but he grabbed her again and dragged her to the back of the hotel parking lot where he began to molest her. Interrupted by a man who heard her scream, Brown fled. A few days before Christmas in 1989, Barbara Biss washed her clothes at a laundromat where Brown, his wife, and their two young daughters were also doing laundry. Brown offered to help her carry her laundry to her car, but she refused the offer. On Christmas Eve, Brown appeared at her apartment and introduced himself as Tony. Biss talked to him on the porch for a few minutes, and refused his invitation to go out for a beer. Late in the evening after she had gone to bed, Brown knocked at her door, identified himself as Tony, and asked to use her phone. When she refused to let him in, Brown broke in. He fled after Biss shot at him and missed. Although Biss did not get a good look at Brown in the dim light, she recognized his voice.
 
 
 4
 After his guilty plea, Brown requested a psychiatric examination, asserting that the effects of a head injury he had received in 1985 might be relevant to sentencing. His motion specifically requested that the report of his evaluation include an opinion by the examiner concerning sentencing alternatives that could best afford him the kind of treatment he needed. Brown was evaluated at the Federal Correctional Institution at Butner, North Carolina. The examiners concluded that he was mentally competent and showed no discernible effect of the head injury, but appeared to be trying to feign mental illness resulting from a head injury. At his sentencing hearing, two doctors and a psychiatric intern from Butner testified without objection about Brown's behavior during his stay at Butner and his antisocial or "predatory" personality disorder.
 
 
 5
 Brown contends that the report of this evaluation was not part of the presentence investigation, and that the court should not have considered evidence from the examiners on any issue but competency. We find no error. The sentencing court may consider any available information concerning the defendant's background, character and conduct. 18 U.S.C.A. Sec. 3661 (West 1985). For the same reason, the district court acted within its discretion in allowing Drury to make an unsworn statement just before sentence was pronounced in which she described her experience and asked for the maximum penalty for Brown. There is no right of confrontation in the sentencing proceeding. United States v. Wise, 976 F.2d 393, 401 (8th Cir.1992), cert. denied, 61 U.S.L.W. 3651 (U.S.1993); United States v. Silverman, 976 F.2d 1502, 1507-14 (6th Cir.1992), cert. denied, 61 U.S.L.W. 3651 (U.S.1993).
 
 
 6
 Brown's sentence was calculated using the cross-reference from sentencing guideline section 2A4.1(b)(7) (Kidnapping) to section 2A3.1 (Criminal Sexual Abuse).[1] Brown contends that the "other offense" which was committed in connection with the kidnapping was a violation of the Mann Act, 18 U.S.C.A. Sec. 2421 (West Supp.1993), and that guideline section 2G1.1 (Transportation for the Purpose of Prostitution or Prohibited Sexual Conduct) should have been used. However, Brown stipulated as part of his plea agreement that he kidnapped Donna Drury for the purpose of sexual assault. Assault rather than commercial exploitation was what occurred, and section 2A3.1 was correctly used.
 
 
 7
 Brown also contests the district court's upward departure for both inadequate criminal history, U.S.S.G. Sec. 4A1.3, p.s. and extreme conduct, U.S.S.G. Sec. 5K2.8, p.s.[2] Under the test for reviewing departures set out in United States v. Hummer, 916 F.2d 186 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3702 (U.S.1991), we must ask whether the district court correctly determined that an aggravating factor was not adequately considered in the guideline, whether the court clearly erred in finding that the aggravating circumstance exists in the case and is sufficiently serious to warrant a departure, and whether it abused its discretion in deciding the extent of the departure.
 
 
 8
 The court found that Brown's conduct was more egregious than the usual sexual abuse offense because it involved multiple incidents of rape and forced oral sex not contemplated by the guideline. We find no error in this determination. Section 2A3.1 contains many enhancements, but none for repeated abuse. The presentence report detailed seven such incidents. Brown did not seriously challenge the accuracy of the events described in the presentence report, and the court did not clearly err in finding that the multiple incidents of sexual abuse were a factor serious enough to justify a departure. Last, the extent of the departure was not an abuse of discretion. The court departed four levels by analogy to the offense level Brown would have received if each assault had been a separate count of conviction and the counts had been grouped. We note, as did the district court, that a departure to the career offender offense level of thirty-seven would have produced the same guideline range.
 
 
 9
 When a defendant's past criminal conduct qualifies him as a de facto career offender, the district court may depart directly to the career offender guideline applicable to career offenders similar to him. United States v. Cash, 983 F.2d 558, 562-63 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3773 (U.S.1993). Here, the district court determined that the testimony of Saintsing and Biss established by a preponderance of the evidence that Brown had committed two prior crimes of violence (a kidnapping/sexual assault and a breaking and entering)[3] and departed to criminal history category VI. Unlike the defendants in Cash or in United States v. Hines, 943 F.2d 348, 354-55 (4th Cir.), cert. denied, 60 U.S.L.W. 3405 (U.S.1991), Brown had not been convicted of the prior crimes of violence. However, the court did not clearly err in its factual finding that Brown had committed the offenses; therefore, the departure to criminal history category VI was justified.
 
 
 10
 Although Brown admitted some of his criminal acts in his interview with the probation officer, he denied raping Drury more than twice. At the sentencing hearing, he denied that he had committed any crime. A reduction for acceptance of responsibility was clearly not warranted. A guilty plea alone is insufficient. U.S.S.G. Sec. 3E1.1, comment. (n.3).
 
 
 11
 Brown has requested leave to file a pro se supplemental brief raising additional issues. We grant the motion, but find no merit in his arguments. The plea agreement was not breached. The government did not promise to limit the information presented to the court concerning Brown's criminal history; the evidence of other criminal conduct was relevant to the government's motion for a departure under section 4A1.3. The departure to the career offender guideline range did not violate due process. Finally, even though Biss was unable to see the face of the man who broke into her apartment, her testimony established by a preponderance of the evidence that the man was Brown. She also testified that she recognized Brown's wife, who appeared as a witness on his behalf, as the same woman she saw in the laundromat with Brown.
 
 
 12
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 The court did not cite to section 5K2.8 in making its departure; however, it followed the government's recommendation for a departure on that ground
 
 
 [3]
 The break-in at Biss's apartment was a crime of violence under U.S.S.G. Sec. 4B1.2. See United States v. Raynor, 939 F.2d 191, 196 (4th Cir.1991)